Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Plaintiff
MICROSOFT CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M. MEDIA, a business entity of unknown form d/b/a METRO MEDIA, METRO MEDIA USA, and/or QUINMART and/or f/k/a LA METRO MEDIA INC.; SHENG TI LEUNG, an individual; and DOES 1-5,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-00347-MWF-AJW<br><br>**PLAINTIFF MICROSOFT CORPORATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY AFTER DEFAULT BY DEFENDANTS**<br><br>Hearing Date: June 26, 2017<br>Time: 10:00 a.m.<br>Judge: Honorable Andrew J. Wistrich<br>Courtroom: Roybal Federal Building and United States Courthouse, Courtroom 690, 6th Floor |

PLEASE TAKE NOTICE that on June 26, 2017, at 10:00 a.m., or as soon as the matter may be heard[1] in the courtroom of the Honorable Andrew J. Wistrich, Plaintiff Microsoft Corporation ("Microsoft") will, and hereby does, make this motion for leave to serve limited discovery under Federal Rule of Civil Procedure

---

[1] Defendants in this action have never appeared in this action and their default has been entered. If this Motion is motion is treated as unopposed, and granted prior to the hearing date of June 26, 2017, Microsoft will promptly proceed with discovery.

-1-

26(d)(1) on an online marketplace and a payment service provider used by Defendants who have defaulted.

Defendants have refused to appear or participate in this action, denying Microsoft the opportunity to hold a conference with them pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Thus, Microsoft has been prevented from serving discovery concerning Defendants' trafficking in counterfeit Microsoft items. Without discovery, Microsoft cannot identify any other individuals who worked with Defendants to distribute counterfeit Microsoft items or the persons from which Defendants purchased the counterfeit items. Microsoft needs this information to determine whether additional defendants should be named in this action and combat the piracy of its software. Subpoenas served on an online marketplace and a payment service provider used by Defendants will likely reveal such information. Microsoft therefore requests the Court's leave to seek such discovery prior to filing a motion for default judgment.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying declaration of Audra Mori and its exhibits, the records and files in this action, and any other matter the Court may consider.

DATED: March 22, 2017

**PERKINS COIE LLP**

By: */s/ Audra M. Mori*
     Audra M. Mori

Attorneys for Plaintiff
MICROSOFT CORPORATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................ 1

III. ANALYSIS ..................................................................................................... 2

    A. The Court May Permit Discovery Without a Rule 26(f) Conference for Good Cause ............................................................... 3

    B. Microsoft Has Shown Good Cause To Seek Discovery from Third-Parties Associated with Defendants ............................................ 4

IV. CONCLUSION ............................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adobe Systems Inc. v. Bunhey*,
  2013 WL 12140304 (C.D. Cal. Oct. 29, 2013) .................................................. 3, 4

*Antione v. Boutte*,
  2016 WL 6138252 (M.D. La. Oct. 20, 2016) ..................................................... 3, 4

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................ 3

*Sheridan v. Oak Street Mortg., LLC*,
  244 F.R.D. 520 (E.D. Wis. 2007) ........................................................................ 3

*Tex. Guar. Student Loan Corp. v. Dhindsa*,
  2010 WL 2353520 (E.D. Cal. June 9, 2010) ....................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(d)(1) ............................................................................................ 3

Fed. R. Civ. P 55(b)(2) ............................................................................................ 2

Rule 26(f) ............................................................................................................ 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants M. Media and Sheng Ti Leung (collectively, "Defendants") are in default.  Microsoft has been denied the opportunity to utilize the traditional discovery process to obtain information regarding Defendants' trafficking in counterfeit Microsoft items, such as the identities of other individuals involved in Defendants' illegal activities and persons from which Defendants purchased counterfeit Microsoft items.  Microsoft needs this information to determine whether additional defendants should be named in this action and to combat the piracy of its software.  This information will likely be revealed by subpoenaing an online marketplace and a payment service provider that Defendants used to traffic in counterfeit Microsoft items.  Microsoft therefore requests leave to serve such discovery.

## II.  BACKGROUND

Defendants are in the business of distributing counterfeit Microsoft items, despite being on notice of such misconduct.  By means including but not limited to a letter dated July 2, 2010, Defendants were warned about distributing counterfeit copies of Microsoft software.  (Complaint ¶ 16.)  In 2015 and 2016, customers also notified Defendants that the purported Microsoft software and/or components that Defendants were distributing were suspicious.  *Id.*  Nevertheless, in August 2016, Defendants distributed to an investigator an unauthorized copy of Microsoft Office 2016.  *Id.* ¶ 17.  In September 2016, Defendants also distributed to an investigator a purported Windows 7 Certificate of Authenticity Label, which was analyzed and determined to be counterfeit.  It was also reported to Microsoft that Defendants distributed other counterfeit components of Windows 7 software in 2016.  *Id.* ¶ 18.  Defendants used an online marketplace, Bonanza.com, and a third-party payment service provider, PayPal, Inc. ("PayPal"), when they trafficked in counterfeit

Microsoft items. Declaration of Audra Mori ("Mori Decl.") ¶¶ 2, 4, Exs. A, B. (screen captures indicating that Defendants use these third party services).

On January 17, 2017, Microsoft sued Defendants to put a stop to their unlawful conduct, including claims for copyright and trademark infringement in its Complaint. Microsoft served Defendants on January 30, 2017. Defendants did not respond to the Complaint or participate in the action in any fashion. Upon Microsoft's request, the clerk entered default on February 28, 2017. The same day, the Court issued an Order to Show Cause re: Default Judgment Motion requiring Microsoft to file a default judgment motion or appear for a hearing on April 3, 2017. Microsoft is responding to that Order, asking for time to allow Microsoft to conduct the requested limited discovery.[2]

Microsoft requests leave to serve discovery so that it has the ability to address Defendants' misconduct more fully. Specifically, Microsoft requests leave to subpoena the online marketplace, Bonanza.com, and the payment service provider, PayPal, Inc., so that it may identify individuals who were involved in Defendants' illegal conduct and the sources from which Defendants obtained counterfeit Microsoft items. Without the requested discovery, Defendants' default will have effectively blocked Microsoft's ability to investigate their misconduct.

### III. ANALYSIS

Courts allow plaintiffs to seek discovery from third parties associated with a defaulting defendant upon a showing of good cause. Microsoft meets that standard because the discovery that it seeks will allow Microsoft to obtain information concerning the identities of other individuals involved in Defendants' illegal trafficking and sources from which Defendants purchased counterfeit items. It can determine whether any other persons should be named as defendants in this action.

---

[2] Defendants in this action have never appeared in this action and their default has been entered. If this Motion is granted prior to the hearing date of June 26, 2017, Microsoft will promptly proceed with discovery and prosecute this case to judgment.

Third parties like online marketplaces and payment services often deal with the type of narrow discovery sought by Microsoft and will be paid for their reasonable costs of compliance. Defendants' refusal to participate in this action should not prevent Microsoft from obtaining information relevant to their misconduct.

### A. The Court May Permit Discovery Without a Rule 26(f) Conference for Good Cause

In general, a party may not seek discovery "from any source before the parties have conferred as required by Rule 26(f)" unless discovery is "authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit use a "good cause" standard to determine whether to permit discovery prior to the Rule 26(f) conference. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (adopting good cause standard). Good cause exists where the need for discovery, "in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. "If good cause is shown, early discovery may be ordered, even where a defendant has failed to appear." *Tex. Guar. Student Loan Corp. v. Dhindsa*, 2010 WL 2353520, at *2–3 (E.D. Cal. June 9, 2010); *see also Antione v. Boutte*, 2016 WL 6138252, at *2, *4 (M.D. La. Oct. 20, 2016) (finding good cause to seek discovery from third-parties associated with defaulting defendant because defendant's failure to appear "deprived Plaintiff of the ability to issue discovery"); *Adobe Systems Inc. v. Bunhey,* 2013 WL 12140304, at * 2, (C.D. Cal. Oct. 29, 2013) (granting motion to seek discovery from online marketplace, eBay, and from PayPal Inc. concerning defaulting defendants' sales of counterfeit Adobe software); *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007) (granting plaintiff's motion to seek limited discovery from a defaulting defendant).

### B. Microsoft Has Shown Good Cause To Seek Discovery from Third-Parties Associated with Defendants

In this case, there is good cause to allow Microsoft to do the third party discovery that it seeks. Defendants have refused to answer or participate in this

1 action, preventing a Rule 26(f) conference from occurring and foreclosing
2 Microsoft from doing discovery without leave from the Court. Discovery from the
3 online marketplace used by Defendants should reveal the names of any other
4 individuals who work with Defendants to distribute counterfeit Microsoft items.
5 Discovery from Defendants' payment service provider will likely reveal sources
6 from which Defendants obtained the counterfeit Microsoft items that they
7 distributed. The requested third-party discovery is the only way that Microsoft can
8 uncover information about Defendants' associates and the scope of their activities,
9 as Defendants will not participate in this action. *See Antoine*, 2016 WL 6138252, at
10 *4; *Adobe Systems Inc.,* 2013 WL 12140304, at * 2 (granting motion to seek
11 discovery from online marketplace, eBay, and from PayPal Inc. concerning
12 defaulting defendants' sales of counterfeit Adobe software). This information is
13 necessary for Microsoft to determine whether additional parties should be added to
14 this case before default judgment is entered, and it may also be used in the default
15 judgment motion.
16 Finally, Microsoft's discovery requests are reasonable and will not prejudice
17 Defendants. Defendants use the online marketplace and the payment service at
18 issue to facilitate commercial transactions. *See* Mori Decl. ¶ 2, Ex. A. Microsoft
19 will seek information from these third-parties specifically concerning Defendants'
20 trafficking in Microsoft items. The payment service provider at issue responds
21 regularly to subpoenas concerning those who use their services to process payments
22 for counterfeit merchandise and will provide Microsoft with a bill for the
23 reasonable costs that they incur. *See* Mori Decl. ¶ 3. Online marketplaces should
24 also have similar processes in place to address reasonable document subpoenas, as
25 they do not want their services to be abused by those who commit illegal acts. As
26 the discovery requests are directed at third-parties, there is no burden on or
27 prejudice to Defendants themselves, who have already defaulted.
28

## IV. CONCLUSION

Microsoft has shown good cause to conduct limited third party discovery. Without the requested discovery, Microsoft will be unable to determine whether any other individuals should be named in this action or gain a more full picture of Defendants' unlawful activities. Microsoft's discovery requests are reasonable and will not prejudice Defendants. Discovery from the third parties is therefore warranted.

DATED: March 22, 2017

**PERKINS COIE LLP**

By: */s/ Audra M. Mori*
    Audra M. Mori

Attorneys for Plaintiff
MICROSOFT CORPORATION